Theresa L. Keyes
J. Michael Keyes
K&L GATES LLP
618 West Riverside Avenue. #300
Spokane, WA 99201-0602
Telephone: 509-624-2100
Facsimile: 509-456-0146

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE CONFEDERATED TRIBES AND BANDS OF THE YAKAMA INDIAN NATION; and THE YAKAMA NATION COMMERCE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GREGOIRE, Governor of the State of Washington; CINDI HOLMSTROM, Director of the Washington State Department of Revenue; LESLIE CUSHMAN, Deputy Director of the Washington State Department of Revenue; STUART THRONSON, Assistant Director of Special Programs of the Washington State Department of Revenue; and PAT PARMER, Chief of Enforcement and Education Division, Washington State Liquor Control Board,<br><br>Respondents. | No.  CV-08-3056-LRS<br><br>TEMPORARY RESTRAINING ORDER |

This matter came before the Court for hearing on the Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs were represented by Theresa L. Keyes and J. Michael Keyes of K&L Gates LLP. Defendants were represented by David Hankins and Heidi A. Irvin, of the Washington State Attorney General's Office. The Court heard arguments of counsel and reviewed the information contained in the Court file, including the following documents:

TEMPORARY RESTRAINING ORDER - 1

1. Complaint and exhibits thereto;
2. Motion for Temporary Restraining Order;
3. Memorandum filed in support of Plaintiffs' motion;
4. Declaration of Theresa L. Keyes, with exhibits;
5. Declaration of Fidelia Andy, with exhibits;
6. Declaration of Richard "Kip" Ramsey;
7. Declaration of Delbert L. Wheeler;
8. Declaration of Harvey Davis, Sr.;
9. Declaration of Bill Hoptowit; and
10. Declaration of Ty Young;

The Court held telephonic hearings with all counsel present on September 5, 2008, and September 12, 2008. The Court denied Plaintiffs' motion to seal the court record related to the Motion for Temporary Restraining Order, and denied the motion for temporary restraining order to issue without notice.

On September 4, 2008, Counsel for Defendants were served copies of all documents filed in this case related to Plaintiffs' Motion for Temporary Restraining Order. By Court Order dated September 8, 2008, this Court stayed the determination of Plaintiffs' Motion for Temporary Restraining Order pending the telephone conference on September 12, 2008. This Court stayed the determination of the issuance of a Temporary Restraining Order to allow the parties time to attempt to negotiate a "standstill agreement" (pending resolution of this matter) related to the threatened enforcement activities by Defendants, based on RCW 82.24, against Washington wholesalers and distributors, Yakama Nation retailers and distributors, and customers of Yakama Nation retailers who purchase cigarette products bearing a Yakama Nation cigarette tax stamp, and which products do not bear a Washington State tax stamp. In accord with the Court's request, the parties have conferred but have been unable to agree on all terms necessary to effectuate a standstill arrangement pending further proceedings in this litigation.

TEMPORARY RESTRAINING ORDER - 2

This Court has considered the parties' individual status reports filed on September 10th and 11th, 2008, as well as the Defendants' proposed interim agreement. This Court finds that the proposed terms of the agreement proffered by the Defendants would amount to an interim cigarette tax agreement, and not an enforcement standstill agreement. This Court takes judicial notice of the Final Order issued by the Honorable Judge Reuben Sandoval dated July 28, 2008, in the Yakama Nation Tribal Court, docket number C-08-11, R-08-33, and which Order the Defendants have appealed. This Court takes notice of the Final Order as it relates to "matters of great importance" and tribal procedural law.

After notice having been provided to Defendants, and after the parties having had the opportunity to confer, this Court finds that threats of criminal enforcement and civil sanctions effecting members of the Yakama Nation, as set forth in the filings, continue to be in effect against Plaintiffs causing continued immediate and irreparable harm. Defendants have not agreed to retreat from the enforcement activities pending resolution of this case that challenges the continued enforceability and validity of RCW 82.24 –the basis upon which the enforcement activities would be occurring.

The Court hereby Orders the issuance of Temporary Restraining Order as follows:

1. Defendants Christine Gregoire, Governor of the State of Washington, Cindi Holmstrom, Director of the Washington State Department of Revenue, Leslie Cushman, Deputy Director of the Washington Department of Revenue, Stuart Thronson, Assistant Director of Special Programs of the Washington State Department of Revenue, and Pat Parmer, Chief of Enforcement and Education Division, Washington State Liquor Control Board, and their officers, agents, servants, employees, attorneys, successors, representatives or anyone acting on their behalf are enjoined (collectively "Defendants") from:

   A. Threatening or taking any enforcement action against cigarette wholesalers or distributors who sell or deliver cigarettes that do not bear a Washington State cigarette stamp to tribally-licensed retailers or wholesalers on the Yakama Reservation, including but not limited to seizure of such cigarettes or other action designed to

prevent the wholesalers/distributors' sale and delivery of such cigarettes to the Yakama Reservation;

B. Threatening or taking any enforcement action against Plaintiffs and Yakama Nation tobacco wholesalers or retailers for the acquisition, sale, possession, delivery or transportation of cigarettes that bear a Yakama Nation tax stamp and/or do not bear a Washington State tax stamp, including seizure of such cigarettes, or other action designed to prevent the acquisition, sale, possession, delivery or transportation of such product;

C. Threatening or taking any enforcement action against the Yakama Nation for the possession or use of the Yakama Nation cigarette tax stamp;

D. Enforcing or attempting to enforce the provisions of RCW Chapter 84.24 against entities or individuals for the possession, purchase or sale of products bearing the Yakama Nation cigarette tax stamp and not bearing the Washington State cigarette tax stamp.

2. This Court further Orders that cigarettes on-reservation shall bear a Yakama Nation cigarette tax stamp, and the tax exempt allotment procedure under RCW 82.24 will not be implemented based on the challenge of the validity and enforceability of that statute and its application to the Plaintiffs.

DATED this 12th day of September, 2008.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

TEMPORARY RESTRAINING ORDER - 4